**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1996-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEVIN LAMBERT,

    Defendant-Appellant.

_____

Argued May 18, 2017 — Decided June 5, 2017

Before Judges Hoffman and O'Connor.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County, Indictment
No. 09-12-2063.

Joshua D. Sanders, Assistant Deputy Public
Defender, argued the cause for appellant
(Joseph E. Krakora, Public Defender,
attorney; Mr. Sanders, of counsel and on the
brief).

Sarah Lichter, Deputy Attorney General,
argued the cause for respondent (Christopher
S. Porrino, Attorney General, attorney;
Joseph A. Glyn, of counsel and on the
brief).

PER CURIAM

Defendant Kevin Lambert was convicted by a jury of second-degree possession of a weapon while engaged in the course of distributing a controlled dangerous substance, N.J.S.A. 2C:39-4.1(c); third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1); third-degree possession with intent to distribute less than one-half ounce of cocaine, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(3); and fourth-degree possession of a prohibited weapon, N.J.S.A. 2C:39-3(h). He was sentenced to an aggregate term of thirteen years imprisonment.

Defendant appealed his convictions and sentence. Concluding evidence adduced by the State compromised defendant's right to a fair trial, we reversed the convictions and sentence and ordered a new trial. See State v. Kevin Lambert, No. A-2698-12 (App. Div. Apr. 9, 2015).

On remand, defendant pled guilty to third-degree possession of a controlled dangerous substance with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3), and fourth-degree possession of a prohibited weapon, a stun gun, N.J.S.A. 2C:39-3(h). On the drug possession conviction, defendant was sentenced to an extended term of imprisonment for seven years, with a three-and-a-half year period of parole ineligibility, and to a concurrent term of eighteen months for possession of the stun gun.

2

On appeal, defendant asserts the following arguments:

> POINT I: NEW JERSEY'S PER SE BAN ON STUN GUNS, N.J.S.A. 2C:39-3(h), IS UNCONSTITUTIONAL UNDER THE SECOND AMENDMENT NECESSITATING THAT THIS COURT VACATE MR. LAMBERT'S CONVICTION.
>
> POINT II: BECAUSE THE SENTENCING COURT FUNDAMENTALLY MISCONSTRUED THE LIMITED BINDING NATURE OF N.J.S.A. 2C:35-12, THIS MATTER MUST BE REMANDED FOR RESENTENCING ON COUNT TWO.
>
> POINT III: THE IMPOSITION OF A PERIOD OF PAROLE INELIGIBILITY UNDER N.J.S.A. 2C:43-6(f), IN EXCESS OF THE MANDATORY MINIMUN, VIOLATES ALLEYNE V. UNITED STATES.

In its brief, the State concurs N.J.S.A. 2C:39-3(h), which solely governs the possession of a stun gun, violates the Second Amendment, U.S. Const. amend. II, and is unconstitutional, and thus defendant's conviction under this statute must be vacated. The State also agrees the trial court misconstrued N.J.S.A. 2C:35-12, requiring the sentence on the remaining conviction be remanded for resentencing.

Accordingly, the conviction for fourth-degree possession of a prohibited weapon is vacated. The sentence for possession of a controlled dangerous substance with intent to distribute is vacated and remanded for resentencing.

Vacated in part, and remanded for resentencing. We do not retain jurisdiction.

3

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1996-15T4